### GEORGE JOHNSON v. THE STATE.

No. 4051. Decided June 23, 1909.

**1.—Theft—Continuance.**

See opinion holding that where upon trial for theft the absent testimony was immaterial and contradicted by the defendant himself and the facts in the record, there was no error in overruling the application for continuance. Davidson, Presiding Judge, dissenting.

**2.—Same—Charge of Court—Alibi—Bill of Exceptions—Practice on Appeal.**

The accused in order to avail himself of error of the court in failing to charge on alibi, must take a bill of exceptions at the time the charge is delivered, or tender a special charge at said time; and a mere exception to the court's failure to charge on alibi in a motion for new trial will not be considered on appeal. Article 723 Code Criminal Procedure does not change this practice. Following Jones v. State, 53 Texas Crim. Rep., 131.

Appeal from the District Court of Parker. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Preston Martin,* for appellant.—On question of continuance: Taylor v. State, 27 Texas Crim. App., 44.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in the opinion.

BROOKS, JUDGE.—Appellant was convicted of theft, and his punishment assessed at three years confinement in the penitentiary.

When the case was called for trial appellant presented a motion for continuance on account of the absence of Will Lanier, who was a resident of Parker County, Texas, and Will Merkison, resident of Denton County, Texas, who were not in attendance upon this court. That the diligence that has been used by this defendant to procure the attendance of said witness Will Lanier is as follows: That on the 17th day of April, 1908, he caused to be issued by the clerk of the court a subpœna, and placed the same in the hands of the sheriff of Parker County, and also caused the clerk to mail a subpœna for the witness Will Merkison to the sheriff of Denton County, Texas. That the said subpœna was by said officer returned into this court, duly executed by said officer, and as shown by his return on the 17th of April, 1908, and is now on file among the papers in this cause, and the same is marked "Exhibit A" for identification, and the same is hereto attached and made a part hereof. The application shows that appellant expects to prove by the witness Will Lanier, if present, that on the night of the alleged offense, and on the night the Blue Goose gin was set on fire, that he the said Will Lanier and the defendant were together in the city of Weatherford; that they got together at the Red Front livery stable, on Fort Worth Street, about eight o'clock that night, and that Will Merkison was also with witness and defendant, and that defendant, together with Will Lanier and Will Merkison, all went down to the Texas and Pacific depot, as the said Will Merkison said he was going off that night on the train, and wanted to see if the train would be on time; that the defendant and said Merkison and said witness Lanier all stood around the depot some few minutes, and walked back to town together, and said Merkison left defendant and said witness Will Lanier on North Main Street in the city of Weatherford, and defendant and witness Will Lanier walked on together as far as the wagon yard on South Main Street, when defendant told said witness that he was going out home, and defendant asked said Lanier to go home with him, but that said witness declined, saying that he would go on around and see Merkison again before he left town that night, and said witness, if present, would testify that he saw said defendant start south towards his home that night about 8:30 o'clock, or a little later, and saw defendant when he got into a wagon that was going south on South Main Street, and said witness will testify, if present, that the last time he saw defendant that night was sometime between 8:30 and 9 o'clock, on a wagon going south on South Main Street, and that he did not see defendant any more that night. That he expects to prove by Will. Merkison that said witness met defendant and Will Lanier about 8 o'clock p. m., which was the night it is claimed by the State that defendant committed the offense charged, and also committed the offense of arson, to wit, the burning of the Blue Goose gin; that said witness, together with defendant and Will Lanier, walked from said Red Front livery stable down to the Texas and Pacific depot to see how the westbound train was reported, as the witness was going

off on the train that night about 9 :35 o'clock, and that he, witness, defendant and Will Lanier all remained at the depot a few minutes and walked back up town, and that defendant and said Will Lanier left witness and walked on around the public square of Weatherford.

The statement of facts in this record, as collated by the Assistant Attorney-General, which we find approximately correct, is as follows: "On the night of the 17th of January, 1908, there was stolen from a gin, located in the outskirts of Weatherford, five bales of cotton, and the gin set afire. About 3 o'clock the next morning, ten miles east of Weatherford, on the Fort Worth road, the State's witness, Mat Brown, was overtaken and arrested, driving a pair of mules to a wagon on which were five bales of cotton, and brought back to Weatherford. The cotton was identified as coming from this gin, and the team was identified as a team that had been loaned to appellant George Johnson some two days previous by the State's witness Sam Poynter. The State's witness, Poynter, testified that some two days before this cotton was missing he loaned the appellant the team to move his family and effects from one portion of the town to the other, and that on the evening of the day, the night of which the cotton was stolen, appellant requested him to let him have the team another day, as he wanted to go out in the country to Mr. Kelley's and get some hay on the following morning. This request was granted. On the night that the cotton was stolen from the gin, appellant came to the house of old man Brown, the father of Mat Brown, and·called for Mat Brown. He was afoot. This was about 8 o'clock. Old man Brown and the State's witness, Smith, both testified that they saw no team, and that the appellant did not drive any team there. The State's witness Mat Brown testified that the appellant called him out and told him that he had two bales of cotton that he wanted him to take to Fort Worth; that he wanted him to take it that night; that the reason he wanted it carried off was that somebody would attach it, and agreed to pay him to take it. He then left his father's house and went with the appellant to the gin, and found a wagon there already loaded, and that he got on the wagon and started to Fort Worth, and that, instead of finding two bales of cotton on the wagon, there were five on it; that he left Weatherford about 9 o'clock. The State further proved by the witness Kelley that he had not sold the defendant any hay. Defendant admitted that he was at the house of Brown that night, and he puts the time between 7 and 8 o'clock; he also admits that after that time he was down at the Texas and Pacific depot; he denies stealing the cotton, and claims that he took the wagon down there and hired Mat Brown to go out to Kelley's to get the hay the next morning, and left the wagon there so that Brown could have an early start the next morning. The State, however, proved by Smith and old man Brown that they saw no wagon there. The defendant denied positively that he had anything to do with the stealing of the cotton, and further testified that he was in company with one Will Lanier and Will Merkison in the town of

Weatherford for about an hour on that night, and got home about 9 o'clock, and remained all night, and proved by his wife and brother-in-law that he did get home about 9 o'clock and remained all night. The circumstances show that the witness Brown lied about what time he left Weatherford, and that he left there between 11 and 12 o'clock; that that was the time the gin was discovered to be on fire, and the testimony of Mrs. Armstrong as to what time she saw the wagon about the gin. The State also showed by a good many suspicious circumstances that George Johnson, the appellant, lied about the purpose for which he wanted the team." The above being the facts, we do not believe that the application for continuance should have been granted, since same did not appear to have been material, in the first instance, since appellant admits that he was at the depot, and was seen at the depot long after the witness would have sworn he was at the depot, and furthermore, appellant admits that he carried the wagon to Mat Brown, who hauled the cotton off before he went to the depot.

Appellant further complains that the court erred in failing to charge on alibi. This complaint is raised in motion for new trial. In the case of Jones v. State, 53 Texas Crim. Rep., 131, this court held that a case will not be reversed for the mere failure of the court to charge on the subject of alibi unless a special charge submitting this issue is requested or an exception reserved at the time. This rule is in consonance as stated in said opinion, with the old authorities, prior to the adoption of article 723 of the Code of Criminal Procedure, and the enactment of said article does not extend appellant's rights, but rather abridges appellant's rights in this respect, or, at least, does not change his duty to except at the time to the failure to charge on alibi by bill of exception or by special charge. In other words, in order for appellant to avail himself of error of the court in failing to charge on alibi, he must take a bill of exception at the time the charge is delivered to the said failure, or tender a special charge at said time, and the mere fact, as in this case, that appellant excepted to the failure to charge on alibi in motion for a new trial will not avail him as a basis for reversal.

There are other defenses set up by appellant in addition to alibi, as we understand this record. It is claimed that Mat Brown stole the cotton without his knowledge or consent, using his wagon. Furthermore, we hardly believe the testimony of his wife and brother raised sufficiently the issue of alibi to request the court to charge on it, even if exception was properly reserved, since their testimony does not exclude the idea that appellant did not participate in the theft of the cotton. They proposed to swear that he returned home about 9 o'clock, and remained the balance of the night, but there is nothing to show that they knew what time it was he returned, except a mere guess. But be this as it may, under the rule laid down in the Jones case, *supra,* appellant does not bring himself within the rule of this court authorizing a reversal of a case for failure to charge on the issue of alibi.

The evidence amply supports the verdict, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE.—I am of opinion the continuance should have been granted. The diligence was sufficient, and the evidence of a material character.